UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM L. WHITE, JR.,

    Plaintiff,

    v.

INDIANA DEPT. OF CORRECTION, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-992-JD-MGG

## OPINION AND ORDER

William L. White, Jr., a prisoner without a lawyer, filed a complaint. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, White alleges that, on July 2, 2018, a mentally disabled inmate assaulted him in the dining hall at the Indiana State Prison because the inmate had heard voices and believed that White was a threat. White did not know this inmate prior to the assault, and the inmate later apologized. Officer Hunter and Heagwood

were nearby during the assault but did not intervene. For his injuries, White seeks money damages.

White asserts a state law claim of negligence against the defendants. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. *Id.* Here, the complaint includes nothing to suggest that White complied with the notice requirements of the Indiana Tort Claims Act. Therefore, the state law claim of negligence is dismissed.

White also asserts an Eighth Amendment claim against Officer Hunter and Officer Heagwood for failing to protect White as another inmate attacked him. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The complaint states a plausible Eighth Amendment claim against Officer Hunter and Officer Heagwood.

Additionally, White names the Indiana Department of Correction and the Indiana State Prison as defendants. The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Further, though the Indiana State Prison is where these events occurred, the prison is a building, not a person or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, White may not proceed against the Indiana Department of Correction or the Indiana State Prison.

For these reasons, the court:

(1) GRANTS William L. White, Jr., leave to proceed on an Eighth Amendment claim against Officer Hunter and Officer Heagwood for failing to protect him as another inmate assaulted him on July 2, 2018;

(2) DISMISSES the Indiana Department of Correction and the Indiana State Prison;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Hunter and Office Heagwood at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Hunter and Officer Heagwood respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which William L. White, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on May 15, 2019

                                               /s/ JON E. DEGUILIO
                                               JUDGE
                                               UNITED STATES DISTRICT COURT